UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RENATO PEREIRA PORTO,     Petitioner,<br><br>v.<br><br>PATRICIA HYDE, *Field Office Director*; MICHAEL KROL, *HSI New England Special Agent in Charge*; TODD LYONS, *Acting Director U.S. Immigration and Customs Enforcement*; and KRISTI NOEM, *U.S. Secretary of Homeland Security*,     Respondents. | No. 26-cv-155-JJM-PAS |

ORDER

Renato Pereira Porto has filed a habeas petition, arguing that his arrest and continued detention by Immigration and Customs Enforcement ("ICE") is unlawful, and that he must be released or given a bond hearing before an immigration judge ("IJ") under 8 U.S.C. § 1226(a). ECF No. 1. In its Response, the Government stated that the legal issues presented in this case are like those recently addressed by the Court in *Tomas Elias v. Hyde*, No. 25-cv-540-JJM-AEM, 2025 WL 3004437 (D.R.I. Oct 27, 2025). ECF No. 6 at 1. The Government also acknowledged that, should the Court follow its reasoning in *Tomas Elias*, it would likely reach the same result in Mr. Pereira Porto's case. *Id.* at 2. The reasoning provided in *Tomas Elias* remains correct. As such, the Court finds that Mr. Pereira Porto's detention is unlawful, and

that he is entitled to immediate release and a bond hearing before an IJ.  Mr. Pereira

Porto's petition is therefore GRANTED.  ECF No. 1.

The Government is hereby ORDERED to **provide Renato Pereira Porto with a**

**bond hearing before an IJ** under 8 U.S.C. § 1226(a) within ten (10) days of the date of

this order.  Should it choose to pursue Mr. Pereira Porto's continued detention, the

Government must show why less restrictive alternatives to detention would be

inadequate for it to achieve its goals.  *See Higiro v. Nessinger*, No. 26-cv-105-JJM-

AEM, 2026 WL 710297, at *8 (D.R.I. Mar. 13, 2026) (finding that due process requires

IJs to consider alternatives to detention at bond hearings to ensure that detention is

not arbitrarily imposed and bears a reasonable relation to the Government's

interests).  The IJ shall consider any alternatives to detention *before* making a finding

as to flight risk or dangerousness.  *See Brito v. Garland*, 22 F.4th 240, 254 (1st Cir.

2021) (noting that to require otherwise would be "to put the cart before the horse").

The Government is also ORDERED to **release Renato Pereira Porto**

**immediately** pending the bond hearing.  Per its request, the Government is permitted

to transfer Mr. Pereira Porto to ICE's Boston Field Office in Burlington,

Massachusetts for the sole purpose of processing his release and allowing for any

return of property.  ECF No. 6 at 1 n.1.  However, the Court DENIES the

Government's additional request to place "any monitoring equipment deemed

appropriate."  *Id.*  Because the Government did not have the lawful authority to

detain Mr. Pereira Porto in the first place, the Court will not permit the Government

to keep him "in custody" through the use of monitoring equipment pending the bond

hearing.  *See Morales v. Hyde*, No. 26-cv-093-JJM-PAS, 2026 WL 508811, at *3-4 (D.R.I. Feb. 24, 2026) (denying similar request from the Government  because "[i]t does not follow … that ICE gets to keep [the petitioner] 'in custody' once he leaves the Wyatt Detention Facility").  Effectuating Mr. Pereira Porto's transfer to Burlington shall not in any way impede his **immediate release**.

Finally, the Court ORDERS the Government to **file a status report** within five (5) days of Mr. Pereira Porto's bond hearing, stating whether he has been granted bond.  If Mr. Pereira Porto's request for bond is denied, the Government shall state the reason for that denial and whether Mr. Pereira Porto has been re-detained by ICE.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

March 20, 2026

3